## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SUN ZHONGJIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>ENCORE ENERGY CORP., PAUL GORANSON, and SHONA WILSON,<br><br>          Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sun Zhongjian ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by enCore Energy Corp. ("enCore" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by enCore; and (c) review of other publicly available information concerning enCore.

### NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired enCore securities between March 28, 2024 and March 2, 2025, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      EnCore engages in the acquisition, exploration, and development of uranium resource properties in the United States.

3.      On March 3, 2025, before the market opened, enCore announced its fiscal 2024 financial results, revealing a net loss of $61.3 million (more than double its net loss of $25.6 million in the prior fiscal year). The Company explained "the inability to capitalize certain exploratory and development costs under U.S. GAAP which would have been capitalized under IFRS [International Financial Reporting Standards]" impacted the Company's results. Further, the Company revealed that it had "***identified in 2024***" a "***material weakness***" in the Company's internal controls over financial reporting, "primarily due to an ineffective control environment that resulted in ineffective risk assessment, information and communications and monitoring activities."

4.      Also on March 2, 2025, the Company also revealed that it had appointed a new acting Chief Executive Officer "effective immediately" and that Paul Goranson "is no longer serving as enCore's Chief Executive Officer or as a member of the board of directors."

5.      On this news, enCore's stock price fell $1.17, or 46.4%, to close at $1.35 per share on March 3, 2025, on unusually heavy trading volume.

6.      Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that enCore lacked effective internal controls over financial reporting; (2) that enCore could not capitalize certain exploratory and development costs under GAAP; (3) that, as a result, its net losses had substantially increased; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

7.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

10.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are located in this District.

11.      In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

12.      Plaintiff Sun Zhongjian, as set forth in the accompanying certification, incorporated by reference herein, purchased enCore securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

13.     Defendant enCore is incorporated under the laws of British Columbia, Canada with its principal executive offices located in Corpus Christi, Texas. EnCore's common shares trade on the NASDAQ exchange under the symbol "EU."

14.     Defendant Paul Goranson ("Goranson") was the Company's Chief Executive Officer ("CEO") at all relevant times.

15.     Defendant Shona Wilson  ("Wilson") was the Company's Chief Financial Officer ("CFO") at all relevant times.

16.     Defendants Goranson and Wilson  (together, the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market.  The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

17.     EnCore engages in the acquisition, exploration, and development of uranium resource properties in the United States.

**Materially False and Misleading**

**Statements Issued During the Class Period**

18.     The Class Period begins on March 28, 2024.[1] On that day, the Company filed its annual report on Form 40-F with the SEC (the "FY23 40-F"). The FY23 40-F assured investors that the Company's "***disclosure controls and procedures were effective.***" Specifically the FY23 40-F stated as follows in relevant part:

**DISCLOSURE CONTROLS AND PROCEDURES**

*Report on disclosure controls and procedures*. At the end of the period covered by this Annual Report for the fiscal year ended December 31, 2023, an evaluation was carried out under the supervision of, and with the participation of, the Company's management, including its Chief Executive Officer (CEO) and Chief Financial Officer (CFO), of the effectiveness of the design and operation of the Company's disclosure controls and procedures (as defined in Rule 13a-15(e) of the Exchange Act). ***Based upon that evaluation, the Company's CEO and CFO have concluded that the Company's disclosure controls and procedures were effective to give reasonable assurance that (i) information required to be disclosed by the Company in reports that it files or submits to the Commission under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), is recorded, processed, summarized and reported within the time periods specified in applicable rules and forms, and (ii) material information required to be disclosed in the Company's reports filed under the Exchange Act is provided to the Company's management, including its principal executive and principal financial officers, or persons performing similar functions, as appropriate to allow for timely decisions regarding required disclosure.***

*Report on internal control over financial reporting*. Management is responsible for establishing and maintaining adequate internal control over financial reporting, as defined in Rules 13a-15(f) of the Exchange Act. A company's internal control over financial reporting is a process designed to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles.

A company's internal control over financial reporting includes those policies and procedures that (i) pertain to the maintenance of records that, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the company; (ii) provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in accordance with

---

[1] Unless otherwise stated, all emphasis in bold and italics hereinafter is added, and all footnotes are omitted.

generally accepted accounting principles, and that receipts and expenditures of the company are being made only in accordance with authorizations of management and directors of the company; and (iii) provide reasonable assurance regarding prevention or timely detection of unauthorized acquisition, use, or disposition of the company's assets that could have a material effect on the financial statements. It should be noted that a control system, no matter how well conceived or operated, can only provide reasonable assurance, not absolute assurance, that the objectives of the control system are met.

Also, projections of any evaluation of effectiveness to future periods are subject to the risk that controls may become inadequate because of changes in conditions, or that the degree of compliance with policies and procedures may deteriorate.

***Management, including the CEO and CFO, assessed the effectiveness of the Company's internal control over financial reporting as of December 31, 2023. In making this assessment, management used the criteria set forth in the Internal Control Integrated Framework (2013) issued by the Committee of Sponsoring Organizations of the Treadway Commission (COSO). Based on its assessment, management has concluded that, as of December 31, 2023, the Company's internal control over financial reporting was effective and no material weaknesses in the Company's internal control over financial reporting were discovered.***

19.    On May 13, 2024, enCore announced its financial results for the three months ended March 31, 2024 on a Form 6-K filed with the SEC. The report was submitted with the Company's unaudited condensed interim consolidated financial statements for the three months ended March 31, 2024 as exhibit 99.1. Therein, enCore reported its Condensed Interim Consolidated Statements of Financial Position, as follows in relevant part:

| | | Three months ended | |
| | | March 31, 2024 | March 31, 2023 |
| | Note | $ | $ |
|---|---|---|---|
| **Revenue** | | 30,394,700 | - |
| **Cost of goods sold** | | 28,052,288 | - |
| **Gross Profit** | | 2,342,412 | - |
| **Expenses** | | | |
| Accretion | 9,10 | 363,457 | 497,493 |
| Amortization and depreciation | 5,6,7 | 518,102 | 207,180 |
| Depletion | 8 | 1,581,474 | - |
| General administrative costs | 11 | 1,910,497 | 1,154,925 |
| Professional fees | 11 | 1,562,633 | 2,113,048 |
| Promotion and shareholder communication | | 458,568 | 71,933 |
| Travel | | 169,445 | 143,676 |
| Transfer agent and filing fees | | 163,937 | 237,764 |
| Staff costs | 11 | 1,942,476 | 2,441,184 |
| Stock option expense | 10,11 | 1,118,585 | 866,483 |
| **Loss from operations** | | **(7,446,762)** | **(7,733,686)** |
| | | | |
| Foreign exchange gain (loss) | | 2,683,358 | (3,941) |
| Gain on divestment of mineral properties | 7 | 24,240 | 24,240 |
| Gain on sale of uranium investment | | - | 1,100,500 |
| Gain on disposal of assets | | (18,028) | - |
| Interest expense | | (406,567) | (600,000) |
| Interest income | | 415,873 | 320,275 |
| Realized gain on marketable securities | 4 | 251,476 | - |
| Unrealized loss on marketable securities | 4 | (821,437) | (581,721) |
| **Net loss for the period** | | **(5,317,847)** | **(7,474,333)** |
| less: net loss for the period attributable to: Non controlling interest shareholders | | (77,043) | - |
| **Net loss for the period attributable to: Shareholders of enCore Energy Corp** | | **(5,240,804)** | **(7,474,333)** |
| | | | |
| Currency translation adjustment of subsidiaries | | (3,326,757) | 669,480 |
| **Comprehensive loss for the period attributable to: Shareholders of enCore Energy Corp** | | **(8,567,561)** | **(6,804,853)** |
| | | | |
| **Loss per share** | | | |
| **Weighted average number of common shares outstanding** | | | |
| - basic # | | 173,486,569 | 127,199,482 |
| - diluted # | | 173,486,569 | 127,199,482 |

20.     On August 14, 2024, enCore submitted the Company's interim report of foreign private issuer for the six months ended June 30, 2024 on a Form 6-K filed with the SEC. The report was submitted with the Company's unaudited condensed interim consolidated financial statements for the six months ended June 30, 2024 as exhibit 99.1. Therein, enCore reported its Condensed Interim Consolidated Statements of Financial Position, as follows in relevant part:

6

| | Note | Three months ended | | Six months ended | |
|---|---|---|---|---|---|
| | | June 30, 2024 $ | June 30, 2023 $ | June 30, 2024 $ | June 30, 2023 $ |
| Revenue | | 5,319,563 | - | 35,714,263 | - |
| Cost of goods sold | | 8,322,298 | - | 36,374,585 | - |
| Gross Profit | | (3,002,735) | - | (660,322) | - |
| Expenses | | | | | |
| Accretion | 9,10 | 298,251 | 736,224 | 661,650 | 1,233,717 |
| Amortization and depreciation | 5,6,7 | 532,474 | 443,398 | 1,050,123 | 650,578 |
| Depletion | 8 | (1,581,474) | - | - | - |
| General administrative costs | 11 | 2,444,816 | 1,358,430 | 4,351,578 | 2,513,355 |
| Professional fees | 11 | 996,361 | 1,435,708 | 2,548,645 | 3,548,756 |
| Promotion and shareholder communication | | 191,557 | 73,967 | 646,724 | 145,900 |
| Travel | | 119,439 | 73,379 | 287,707 | 217,055 |
| Transfer agent and filing fees | | 142,921 | 348,623 | 305,645 | 586,387 |
| Staff costs | 11 | 2,003,067 | 1,400,155 | 3,936,591 | 3,841,339 |
| Stock option expense | 10,11 | 1,211,662 | 1,143,656 | 2,321,950 | 2,010,139 |
| Loss from operations | | (9,361,809) | (7,013,540) | (16,770,935) | (14,747,226) |
| | | | | | |
| Foreign exchange gain (loss) | | 1,591,561 | (882,750) | 4,255,028 | (886,691) |
| Gain on divestment of mineral properties | 7 | - | 2,056,638 | 24,240 | 2,080,878 |
| Gain on sale of uranium investment | | - | 858,500 | - | 1,959,000 |
| Loss on disposal of assets | | - | - | (18,028) | - |
| Interest expense | | (452,430) | (1,200,000) | (858,997) | (1,800,000) |
| Interest income | | 908,754 | 7,984 | 1,324,020 | 328,259 |
| Realized gain on marketable securities | 4 | 136 | - | 249,746 | - |
| Unrealized loss on marketable securities | 4 | (1,395,512) | (1,344,596) | (2,210,856) | (1,926,317) |
| Net loss for the period before taxes and non controlling interest | | (8,709,300) | (7,517,764) | (14,005,782) | (14,992,097) |
| less: net loss for the period attributable to: Non controlling interest shareholders | | (453,950) | - | (530,993) | - |
| Net loss for the period attributable to: Shareholders of enCore Energy Corp | | (8,255,350) | (7,517,764) | (13,474,789) | (14,992,097) |
| | | | | | |
| Currency translation adjustment of subsidiaries | | (1,369,076) | 527,479 | (5,024,495) | 1,196,959 |
| Comprehensive loss for the period attributable to: Shareholders of enCore Energy Corp | | (9,624,426) | (6,990,285) | (18,499,284) | (13,795,138) |
| | | | | | |
| Loss per share | | | | | |
| Weighted average number of common shares outstanding | | | | | |
| - basic # | | 178,362,028 | 135,282,066 | 178,362,028 | 135,282,066 |
| - diluted # | | 178,362,028 | 135,282,066 | 178,362,028 | 135,282,066 |
| | | | | | |
| Basic and diluted loss per share $ | | (0.05) | (0.06) | (0.08) | (0.11) |
| Diluted loss per share $ | | (0.05) | (0.06) | (0.08) | (0.11) |

21.     On November 14, 2024, enCore submitted the Company's interim report of foreign private issuer for the nine months ended September 30, 2024 on a Form 6-K filed with the SEC. The report was submitted with the Company's unaudited condensed interim consolidated financial statements for the nine months ended September 30, 2024 as exhibit 99.1. Therein, enCore reported its Condensed Interim Consolidated Statements of Financial Position, as follows in relevant part:

|  | Note | Three months ended September 30, 2024 $ | Three months ended September 30, 2023 $ | Nine months ended September 30, 2024 $ | Nine months ended September 30, 2023 $ |
|---|---|---|---|---|---|
| Revenue |  | 9,257,800 | - | 44,972,063 | - |
| Cost of goods sold |  | 10,630,957 | - | 47,005,543 | - |
| Gross Profit |  | (1,373,157) | - | (2,033,480) | - |
| Expenses |  |  |  |  |  |
| Accretion | 9,10 | 297,777 | 1,526,520 | 959,428 | 2,760,237 |
| Amortization and depreciation | 5,6,7 | 543,526 | 500,964 | 1,593,648 | 1,151,542 |
| General administrative costs | 11 | 5,583,953 | 645,942 | 9,935,631 | 3,159,297 |
| Professional fees | 11 | 1,566,352 | 952,191 | 4,114,996 | 4,500,947 |
| Promotion and shareholder communication |  | 147,535 | 39,243 | 794,258 | 185,143 |
| Travel |  | 38,130 | 96,652 | 325,837 | 313,707 |
| Transfer agent and filing fees |  | 164,585 | 123,882 | 470,230 | 710,269 |
| Staff costs | 11 | 2,415,375 | 1,603,799 | 6,352,102 | 5,445,138 |
| Stock option expense | 10,11 | 2,278,747 | 1,525,160 | 4,600,697 | 3,535,299 |
| Loss from operations |  | (14,409,137) | (7,014,353) | (31,180,307) | (21,761,579) |
| Foreign exchange (loss) gain |  | (1,783,115) | 1,621,940 | 2,471,913 | 735,249 |
| Gain on divestment of mineral properties | 7 | - | 8,010,687 | 24,240 | 10,091,565 |
| Gain on sale of uranium investment |  | - | 638,500 | - | 2,597,500 |
| Loss on disposal of assets |  | - | - | (18,028) | - |
| Interest expense |  | (452,430) | (1,207,011) | (1,311,427) | (3,007,011) |
| Interest income |  | 650,875 | 19,725 | 1,974,894 | 347,984 |
| Realized (loss) gain on marketable securities | 4 | (373) | - | 249,373 | - |
| Unrealized (loss) gain on marketable securities | 4 | (1,473,410) | 7,234,293 | (3,684,267) | 5,307,976 |
| Net loss for the period before taxes and non controlling interest |  | (17,467,590) | 9,303,781 | (31,473,609) | (5,688,316) |
| less: net loss for the period attributable to: Non controlling interest shareholders |  | (1,343,870) | - | (1,874,863) | - |
| Net loss for the period attributable to: Shareholders of enCore Energy Corp |  | (16,123,720) | 9,303,781 | (29,598,746) | (5,688,316) |
| Currency translation adjustment of subsidiaries |  | 2,236,384 | (2,251,324) | (2,787,873) | (1,054,365) |
| Comprehensive loss for the period attributable to: Shareholders of enCore Energy Corp |  | (13,887,336) | 7,052,457 | (32,386,619) | (6,742,681) |
| Loss per share |  |  |  |  |  |
| Weighted average number of common shares outstanding |  |  |  |  |  |
| -basic # |  | 180,652,905 | 145,023,527 | 180,652,905 | 138,564,903 |
| -diluted # |  | 180,652,905 | 145,023,527 | 180,652,905 | 138,564,903 |
| Basic and diluted loss per share $ |  | (0.10) | 0.06 | (0.17) | (0.04) |
| Diluted loss per share $ |  | (0.10) | 0.06 | (0.17) | (0.04) |

22.    On November 27, 2024, the Company issued a press release reporting the company's effective change in reporting status which stated as follows:

enCore Energy Corp. (NASDAQ: EU) (TSXV: EU) (the "Company" or "enCore"), America's Clean Energy Company™ announces that effective January 1, 2025, its reporting status with the U.S. Securities and Exchange Commission will change from a foreign filer to a U.S. domestic filer. As a result of the change in status the Company will file its annual and quarterly reports on Form 10-K and Form 10-Q respectively, commencing with the Form 10-K for the financial year ending December 31, 2024.

The Company also announces the appointment of KPMG LLP ("KPMG") as the Company's new auditor. The change in auditor was approved by enCore's Board of Directors and reflects the necessary support for enCore's transition to a U.S. domestic filer, while ensuring the highest standards of transparency and corporate governance.

A Notice of Change of Auditors, together with a letter from Davidson & Company LLP as previous auditor, and a letter from KPMG as successor auditor, have been reviewed by the Company's Audit Committee, and will be available under the Company's SEDAR+ profile at www.sedarplus.ca and on the SEC's

Electronic Data Gathering, Analysis, and Retrieval (EDGAR) system at www.sec.gov/edgar. The transition is in accordance with regulatory guidelines and was not prompted by any disagreements between enCore and Davidson on any matter of accounting principles or practices, financial statement disclosure, or auditing scope or procedure.

There were no reservations in Davidson's audit reports for any financial period for the two most recently completed financial years or for any subsequent period until its resignation date and there are no "reportable events" as such term is defined in National Instrument 51-102 – Continuous Disclosure Obligations between the Company and Davidson.

enCore extends its sincere appreciation to Davidson, a trusted advisor since 2016, for their professional expertise and dedicated support.

23.    The above statements identified in ¶¶ 18-22 were materially false and/or misleading and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that enCore lacked effective internal controls over financial reporting; (2) that enCore could not capitalize certain exploratory and development costs under GAAP; (3) that, as a result, its net losses had substantially increased; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

**Disclosures at the End of the Class Period**

24.    On March 3, 2025, before the market opened, enCore announced its fiscal 2024 financial results in a press release, reporting, among other things, a net loss of $61.3 million, double the Company's net loss of $25.6 million in the prior fiscal year. The Company explained "the inability to capitalize certain exploratory and development costs under U.S. GAAP which would have been capitalized under IFRS [International Financial Reporting Standards]" impacted the Company's results. Specifically, the press release stated the following, in relevant part:

Net Income/Loss: The Company reported a net loss of $61.3 million for the year ended December 31, 2024, compared to a $25.6 million net loss for the year ended December 31, 2023. The inability to capitalize certain exploratory and development

costs under U.S. GAAP which would have been capitalized under IFRS impacted both years, totaling $15 million for 2024, and $8 million for 2023.

25.    In the same press release, the Company also revealed that it had appointed a new acting Chief Executive Officer "effective immediately" and Paul Goranson "is no longer serving as enCore's Chief Executive Officer or as a member of the board of directors."

On March 2, 2025, the board of directors of enCore appointed Robert Willette, the current Chief Legal Officer, as Acting Chief Executive Officer, effectively immediately. Mr. Willette succeeds Paul Goranson, who is no longer serving as enCore's Chief Executive Officer or as a member of the board of directors.

26.    On the same date, the Company submitted its annual report on a form 10-K, filed with the SEC. In its annual report, the Company explained that "until June 28, 2024, the Company was classified as a Foreign Private Issuer and complied with Canadian financial reporting standards (IFRS)" but "[o]n June 28, 2024, the Company met the requirements to be subject to the Sarbanes-Oxley Act of 2002 Section 404(b) ("SOX") as of December 31, 2024, requiring retroactive application to January 1, 2024." Moreover, the Company revealed that it had in fact "*identified in 2024*" a "*material weakness*" in its internal controls over financial reporting, "primarily due to an ineffective control environment that resulted in ineffective risk assessment, information and communications and monitoring activities." The Company revealed that it had "*throughout the time period in 2024 in which the Company found it was required to be compliant with SOX*" "invested significant time and resources" to "*beg[in] implementing corrective measures"* but the material weakness had not been "fully remediated." Specifically, the annual report stated the following, in relevant part:

**Evaluation of Disclosure Controls and Procedures**

We maintain disclosure controls and procedures, as that term is defined in Rules 13a-15(e) and 15d-15(e) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"). Our management, including our principal executive officer ("CEO") and principal financial officer ("CFO"), does not expect that our disclosure controls and procedures over our internal control over financial reporting

will prevent all errors and all fraud due to the inherent limitations of internal controls. Because of such limitations, there is a risk that material misstatements will not be prevented or detected on a timely basis by internal control over financial reporting. However, these inherent limitations are known features of the financial reporting process. Therefore, it is possible to design into the process safeguards to reduce, though not eliminate, this risk.

***On June 28, 2024, the Company met the requirements to be subject to the Sarbanes-Oxley Act of 2002 Section 404(b) ("SOX") as of December 31, 2024, requiring retroactive application to January 1, 2024 for process level and general information technology controls.*** Our management, under the supervision and with the participation of our CEO and CFO, has evaluated the design and effectiveness of our disclosure controls and procedures as of December 31, 2024. Based on that evaluation, ***our CEO and CFO have each concluded that such disclosure controls and procedures were not effective as of December 31, 2024, because of material weaknesses in internal control over financial reporting described below***.

*            *            *

A material weakness is a deficiency, or a combination of deficiencies, in internal control over financial reporting, such that there is a reasonable possibility that a material misstatement of annual or interim financial statements will not be prevented or detected on a timely basis. ***Management identified the following material weaknesses in internal control over financial reporting as of December 31, 2024.***

•The Company had ineffective general information technology controls ("GITCs") that support the consistent operation of the Company's information technology ("IT") systems, including its enterprise resource planning system. As a result, automated process-level controls and manual controls dependent upon the accuracy and completeness of information derived from those IT systems were also ineffective because they could have been adversely impacted; and

•The Company did not effectively design, implement, or operate process-level control activities related to its financial reporting processes.

***Management concluded that these material weaknesses were primarily due to an ineffective control environment that resulted in ineffective risk assessment, information and communications and monitoring activities***:

•The Company did not have a sufficient number of trained resources with expertise in and responsibility and accountability for the design, implementation, operation and documentation of internal control over financial reporting and IT systems.

•The Company did not have an effective risk assessment process related to internal control over financial reporting that defined clear financial reporting objectives and evaluated risks, including risks resulting from changes in the external environment and business operations, at a sufficient level of detail to identify all relevant risks

11

of material misstatement to the consolidated financial statements and design and implement internal controls that responded to those risks.

•The Company did not have an effective information and communication process that identified and assessed the source of and controls necessary to ensure the reliability of information used in financial reporting and that communicates relevant information about roles and responsibilities for internal control over financial reporting.

•The Company did not have effective monitoring activities to assess the operation of internal control over financial reporting, including the continued appropriateness of control design and level of documentation maintained to support control effectiveness.

These control deficiencies resulted in no misstatements in the financial statements, however, a reasonable possibility exists that material misstatements in the Company's financial statements will not be prevented or detected on a timely basis.

The Company's independent registered public accounting firm, KPMG LLP ("KPMG"), who audited the consolidated financial statements included in this Annual Report on Form 10-K, has issued an adverse opinion on the effectiveness of the Company's internal control over financial reporting. KPMG's report appears beginning on page 42 of this Annual Report.

**Remediation Activities**

*Until June 28, 2024, the Company was classified as a Foreign Private Issuer and complied with Canadian financial reporting standards (IFRS) and the Canadian Auditing Standards (CAS), which are overseen by the Canadian Public Accountability Board (CPAB) without incident.*

*With respect to the material weaknesses identified in 2024, management, with oversight from the Audit Committee of the Board of Directors, began implementing corrective measures throughout the time period in 2024 in which the Company found it was required to be compliant with SOX and have continued those efforts into 2025. The Company has invested significant time and resources to enhance the design, implementation, and operation of its internal control over financial reporting* to move from its previous compliance under CPAB to the differing standards of SOX.

As of the date of this filing, processes and procedures have been implemented to address these material weaknesses. However, as they have not been in place long enough, their effectiveness cannot yet be fully concluded, and they cannot be considered fully remediated at this time.

27.     On this news, enCore's stock price fell $1.17, or 46.4%, to close at $1.35 per share

on March 3, 2025, on unusually heavy trading volume.

**CLASS ACTION ALLEGATIONS**

28.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired enCore securities between March 28, 2024 and March 2, 2025, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

29.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, enCore's shares actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of enCore shares were traded publicly during the Class Period on the NASDAQ.  Record owners and other members of the Class may be identified from records maintained by enCore or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

30.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

32.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of enCore; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

**UNDISCLOSED ADVERSE FACTS**

34.     The market for enCore's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and/or misleading statements, and/or failures to disclose, enCore's securities traded at artificially inflated prices during the Class Period.  Plaintiff and other members of the Class purchased or otherwise acquired enCore's securities relying upon the integrity of the market price of the Company's securities and market information relating to enCore, and have been damaged thereby.

35.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of enCore's securities, by publicly issuing false and/or misleading statements

and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about enCore's business, operations, and prospects as alleged herein.

36.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about enCore's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

37.    Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

38.    During the Class Period, Plaintiff and the Class purchased enCore's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

39.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding enCore, their control over, and/or receipt and/or modification of enCore's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning enCore, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

40.     The market for enCore's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, enCore's securities traded at artificially inflated prices during the Class Period. On May 7, 2024 the Company's share price closed at a Class Period high of $4.94 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of enCore's securities and market information relating to enCore, and have been damaged thereby.

41.     During the Class Period, the artificial inflation of enCore's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading

statements about enCore's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of enCore and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

42.    At all relevant times, the market for enCore's securities was an efficient market for the following reasons, among others:

(a)    enCore shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)    As a regulated issuer, enCore filed periodic public reports with the SEC and/or the NASDAQ;

(c)    enCore regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)    enCore was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

43.    As a result of the foregoing, the market for enCore's securities promptly digested current information regarding enCore from all publicly available sources and reflected such

information in enCore's share price. Under these circumstances, all purchasers of enCore's securities during the Class Period suffered similar injury through their purchase of enCore's securities at artificially inflated prices and a presumption of reliance applies.

44.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

45.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker

had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of enCore who knew that the statement was false when made.

### FIRST CLAIM

### Violation of Section 10(b) of The Exchange Act and

### Rule 10b-5 Promulgated Thereunder

### Against All Defendants

46.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

47.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase enCore's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

48.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for enCore's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

49.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a

continuous course of conduct to conceal adverse material information about enCore's financial well-being and prospects, as specified herein.

50.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of enCore's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about enCore and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

51.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

52.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing enCore's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

53.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of enCore's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired enCore's securities during the Class Period at artificially high prices and were damaged thereby.

54.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that

enCore was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their enCore securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

55.    By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

56.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act

### Against the Individual Defendants

57.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

58.    Individual Defendants acted as controlling persons of enCore within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements

alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

59.     In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

60.     As set forth above, enCore and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated:  March 14, 2025

**AHMAD, ZAVITSANOS & MENSING, PLLC**

By:   _/s/ Sammy Ford IV_
      Sammy Ford IV
      State Bar No. 24061331
      Davis Metzger
      State Bar No. 24143206
      1221 McKinney Street, Suite 2500
      Houston, Texas 77010
      Telephone: (713) 665-1101
      Facsimile: (713) 665-0062
      Email:    sford@azalaw.com
                dmetzger@azalaw.com

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

_Counsel for Plaintiff Sun Zhongjian_