**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SUN ZHONGJIAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ENCORE ENERGY CORP., PAUL GORANSON, and SHONA WILSON, <br><br> Defendants. | Case No.: 4:25-cv-01234 <br><br> Hon. Charles Eskridge |

**NOTICE OF MOTION AND MOTION OF DOUGLAS LYON FOR:**
**(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF**
**SELECTION OF COUNSEL; MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT THEREOF**

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Douglas Lyon ("Movant") respectfully moves this Court for an order: (1) appointing Movant as lead plaintiff pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the Class and Sponsel Miller PLLC ("Sponsel Miller) as Liaison Counsel for the Class.

Movant seeks appointment as lead plaintiff and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. This motion is based on this notice, the attached memorandum of law, the declaration of Thane Tyler Sponsel III in support thereof, and the Court's complete files and records in this action, as well as such further argument as the Court may allow at a hearing on this motion.[1]

---

[1] Local Rule 7.1(D)(1)-(2) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7.1(D)(1)-(2) be waived.

**TABLE OF CONTENTS**

SUMMARY ........................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

PROCEDURAL BACKGROUND ....................................................................................... 2

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ....................................................................................................................... 3

    I.     Appointing Movant as Lead Plaintiff is Appropriate .................................................. 3

         A.    Movant Filed a Timely Motion in Response to a PSLRA Notice ........................... 5

         B.    Movant Has the Largest Financial Interest ............................................................. 5

         C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ........................................................................................................ 6

              1.    Movant's Claims Is Typical With the Claims of the Class ............................... 6

              2.    Movant Is An Adequate Representative ........................................................... 7

    II.    Approving Movant's Choice of Counsel is Appropriate .............................................. 9

CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
2018 U.S. Dist. LEXIS 16801 (S.D. Tex. Jan. 22, 2018) ........................................................ 1

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ....................................................................................... 6

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
No. 12-cv-3772, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012) ............................................ 9

*Makhlouf v. Tailored Brands, Inc.*,
2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017) ...................................................... 5

*Parker v. Hyperdynamics Corp.*,
No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) ......................... 8

*In re Plains All Am. Pipeline, L.P. Sec. Litig.,*
2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015) ...................................................... 6

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) .............................................................................................. 7

*In re Waste Mgmt. Sec. Litig.*,
128 F. Supp. 2d 401 (S.D. Tex. 2000) .................................................................................. 7

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY

Movant respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) appointment as Lead Plaintiff; and (2) approval of his selection of counsel on behalf of persons and entities that purchased or otherwise acquired enCore Energy Corp. ("enCore" or the "Company") securities between March 28, 2024 and March 2, 2025, inclusive (the "Class Period"). Movant seeks to recover damages under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, against Defendants enCore, Paul Goranson ("Goranson"), and Shona Wilson ("Wilson") (collectively "Defendants").

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Sponsel Miller PLLC ("Sponsel Miller") as Liaison Counsel

should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

2.    Whether Movant's choice of Lead Counsel and Liaison Counsel should be approved.

**PROCEDURAL BACKGROUND**

Plaintiff Sun Zhongjian ("Plaintiff") commenced the first above-captioned action against enCore in this Court on March 14, 2025, entitled *Zhongjian v. enCore Energy, et al.*, Case No. 4:25-cv-01234 (the "*Zhongjian* Action"). On that same day, counsel for Plaintiff published a notice on *Business Wire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in enCore that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Thane Tyler Sponsel III in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Sponsel Decl.") at Exhibit ("Ex.") C.

**FACTUAL BACKGROUND[2]**

EnCore engages in the acquisition, exploration, and development of uranium resource properties in the United States. ¶ 2.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business,

---

[2] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Zhongjian* Complaint") filed in the *Zhongjian* Action. The facts set forth in the *Zhongjian* Complaint are incorporated herein by reference.

2

operations, and prospects. ¶ 6. Specifically, Defendants failed to disclose to investors: (1) that enCore lacked effective internal controls over financial reporting; (2) that enCore could not capitalize certain exploratory and development costs under GAAP; (3) that, as a result, its net losses had substantially increased; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

Before the market opened on March 3, 2025, enCore announced its fiscal 2024 financial results, revealing a net loss of $61.3 million (more than double its net loss of $25.6 million in the prior fiscal year). ¶ 3. The Company explained "the inability to capitalize certain exploratory and development costs under U.S. GAAP which would have been capitalized under IFRS [International Financial Reporting Standards]" impacted the Company's results. Further, the Company revealed that it had "*identified in 2024*" a "*material weakness*" in the Company's internal controls over financial reporting, "primarily due to an ineffective control environment that resulted in ineffective risk assessment, information and communications and monitoring activities." *Id.*

Also on March 2, 2025, the Company also revealed that it had appointed a new acting Chief Executive Officer "effective immediately" and that Paul Goranson "is no longer serving as enCore's Chief Executive Officer or as a member of the board of directors." ¶ 4.

In response to this news, enCore's stock price declined 46.4%, or $1.17, to close on March 3, 2025 at $1.35 per share, on unusually heavy trading volume. ¶ 5.

## ARGUMENT

### I.    Appointing Movant as Lead Plaintiff is Appropriate

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought

3

under the Exchange and Securities Acts. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movant meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant

4

respectfully submits that he should be appointed lead plaintiff. *See Makhlouf v. Tailored Brands, Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

### A. Movant Filed a Timely Motion in Response to a PSLRA Notice

On March 14, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Zhongjian* Action was published on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of enCore securities that they had until May 13, 2025 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of enCore securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Sponsel Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

### B. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

During the Class Period, Movant purchased a total of 56,200 shares, at a total cost of $85,071.65, and suffered approximately $53,418.45 using a last-in-first-out ("LIFO") analysis and $39,215.80 under a *Dura* LIFO analysis when excluding intra-Class Period gains and losses on sales occurring before a corrective disclosure. *See* Sponsel Decl., Ex. B. To the best of his

knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

**C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

**1.    Movant's Claims Is Typical With the Claims of the Class**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of

6

Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Apache Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movant's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of enCore. Movant, like all of the members of the Class, purchased enCore shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfies the typicality requirement of Rule 23(a)(3).

### 2. Movant Is An Adequate Representative

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but

Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at *9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movant retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. Movant considers himself to be a sophisticated investor, having been investing in the stock market for 50 years. He resides in Milford, Connecticut, and possesses a Ph.D. in computer and system engineering. Movant is a professor emeritus at Fairfield University, and is also CEO and president of Doc Java Inc. Further, Movant has experience overseeing attorneys, as he has hired attorneys for estate planning matters. *See* Sponsel Decl., Ex. D (Movant's Declaration).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

8

## II.      Approving Movant's Choice of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012).

Here, Movant has retained Levi & Korsinsky to serve as Lead Counsel and Sponsel Miller to serve as Liaison Counsel on behalf of the Class in the event he is appointed as lead plaintiff. As reflected in the accompanying firm résumés, Levi & Korsinsky and Sponsel Miller possess extensive experience and expertise in securities litigation, have the necessary resources to efficiently and effectively prosecute the Action, and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Sponsel Decl., Ex. E. Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of Levi & Korsinsky as Lead Counsel and Sponsel Miller as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

*[Signature on following page]*

9

Dated: May 13, 2025

Respectfully submitted,

**SPONSEL MILLER PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No.: 24056361
520 Post Oak Blvd., Suite 310
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
Email: sponsel@smglawgroup.com

*Liaison Counsel for Douglas Lyon and Proposed
Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Douglas Lyon and Proposed Lead
Counsel for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, May 13, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>*/s/ Thane Tyler Sponsel III*</u>
Thane Tyler Sponsel III