**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SUN ZHONGJIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE ENERGY CORP., PAUL GORANSON, and SHONA WILSON,<br><br>Defendants. | Case No. 4:25-cv-01234<br><br>Judge Charles R. Eskridge |

**MOTION OF ØYSTEIN KJELSVIK FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT**

**PLEASE TAKE NOTICE** that Øystein Kjelsvik ("Mr. Kjelsvik") respectfully moves this Court for an order: (1) appointing Mr. Kjelsvik as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Mr. Kjelsvik's selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel and Kendall Law Group, PLLC ("Kendall Law") as Liaison Counsel for the putative class; and (3) granting such other relief as the Court may deem to be just and proper (the "Motion"). This Motion is supported by the following Memorandum of Law, the Declaration of Joe Kendall and the exhibits attached thereto, a Proposed Order, and such other written and/or oral argument as may be permitted by the Court.

**MEMORANDUM OF LAW**

## I.    INTRODUCTION

Currently pending before this Court is a securities class action brought on behalf of investors who purchased or otherwise acquired securities of enCore Energy Corp. ("enCore" or the "Company") between March 28, 2024 to March 2, 2025 inclusive (the "Class Period"), against Defendants for violations of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA requires the Court to appoint as lead

1

plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Mr. Kjelsvik submits that he is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Mr. Kjelsvik filed a timely motion, has the largest known financial interest in the relief sought by the Class, his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

In addition, Mr. Kjelsvik's selection of Block & Leviton and Kendall Law, law firms with extensive experience prosecuting complex securities class actions, as Lead and Liaison Counsel for the class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

enCore is a company that acquires, explores, and develops uranium resource properties in the United States. ¶17.[1] The Complaint alleges that the Company misled investors regarding the strength of its internal controls over financial reporting and its ability to capitalize certain exploratory and development costs under Generally Accepted Accounting Principles (GAAP).

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Zhongjian v. enCore Energy Corp., et al.*, No. 4:25-cv-01234, ECF No. 1.

The Class Period begins on March 28, 2024, the day enCore filed its annual report with the SEC and assured investors that the Company's "disclosure controls and procedures were effective." ¶18. Throughout the Class Period, enCore continued to publish financial results which the Complaint alleges were misleading because they did not disclose (1) that enCore lacked effective internal controls over financial reporting; (2) that enCore could not capitalize certain exploratory and development costs under GAAP; and (3) that, as a result, its net losses had substantially increased. ¶23.

On March 3, 2025, enCore announced its fiscal 2024 financial results and reported a net loss of $61.3 million, double its net loss in the prior fiscal year. ¶24. The Company blamed these results on "the inability to capitalize certain exploratory and development costs under U.S. GAAP which would have been capitalized under IFRS [International Financial Reporting Standards]." *Id.* enCore simultaneously announced that it had appointed a new acting Chief Executive Officer "effective immediately" and Paul Goranson "is no longer serving as enCore's Chief Executive Officer or as a member of the board of directors." ¶25.

On the same date, the Company filed its annual report on Form 10-K with the SEC, disclosing that it transitioned from being a Foreign Private Issuer using IFRS to being subject to the Sarbanes-Oxley Act Section 404(b) as of June 28, 2024, with retroactive application from January 1, 2024. ¶26. The Company also reported a material weakness in its internal controls identified in 2024, due to an ineffective control environment, and noted that while it had begun implementing corrective measures, the issue had not yet been fully

resolved. *Id*. On this news, enCore's stock price fell $1.17, or 46.4%, to close at $1.35 per share on March 3, 2025. ¶27.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of enCore's securities, Mr. Kjelsvik and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.  Mr. Kjelsvik Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this action was published on March 14, 2025. *See* Declaration of Joe Kendall in Support of Motion of Øystein Kjelsvik for Appointment as Lead Plaintiff and Approval of Counsel, Ex. A ("Kendall Decl.").

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class the Court determines to be most capable of adequately representing

4

the interests of other class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Mr. Kjelsvik meets these requirements and should therefore be appointed Lead Plaintiff.

### 1.  Mr. Kjelsvik's Motion Is Timely

The statutory notice published on March 14, 2025 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by May 13, 2025. *See* Kendall Decl., Ex. A. Because Mr. Kjelsvik's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2.  Mr. Kjelsvik Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his certification and loss chart, Mr. Kjelsvik purchased significant amounts of enCore securities and suffered approximately $206,598.62 in losses as a result of Defendants' violations of the federal securities laws. *See* Kendall Decl., Exs. B, C. To

the best of Mr. Kjelsvik's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. Mr. Kjelsvik is Typical and Adequate

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, the Court "considers whether the candidates satisfy the typicality and adequacy requirements of Rule 23." M*assachusetts Laborers' Annuity Fund v. Encysive Pharms. Inc.*, 2007 WL 9752766, at *2 (S.D. Tex. Mar. 20, 2007). To make the requisite preliminary showing, "potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy." *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010).

"The typicality requirement focuses . . . on the similarity of the legal and remedial theories behind [plaintiffs'] claims." *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 297 n.32 (5th Cir. 2001) (quoting *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)) (internal quotation marks omitted). Assessing adequacy "mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (alterations omitted) (internal quotation marks omitted).

Here, Mr. Kjelsvik's claims are typical of those of the Class because, like all Class members, he purchased enCore securities during the Class Period, suffered damages as a result of Defendants' false and misleading statements, and thus possesses claims against

6

enCore and the Individual Defendants under the Exchange Act. *See, e.g., Edgar v. Anadarko Petroleum Corp.*, 2017 WL 11178402, at *3 (S.D. Tex. July 24, 2017) (movant typical where it "lost money on the [defendant's] securities it bought during the class period.")

Mr. Kjelsvik is also adequate because his interests in the action are squarely aligned with the interests of the other members of the Class. Furthermore, Mr. Kjelsvik's substantial losses motivate him to zealously pursue the claims in this Action and maximize the recovery for all Class members harmed by Defendants' misrepresentations and omissions. As set forth in greater detail below, Mr. Kjelsvik's adequacy is bolstered by his hiring of Block & Leviton and Kendall Law, highly qualified counsel with significant success prosecuting federal securities class actions.

Moreover, Mr. Kjelsvik fully understands the obligations of a lead plaintiff and is willing and able to undertake these responsibilities to ensure vigorous and efficient prosecution. Mr. Kjelsvik has submitted a sworn declaration detailing his commitment to actively directing this litigation, rationale for seeking lead plaintiff status, and selection of counsel. Kendall Decl., Ex. D. Accordingly, Mr. Kjelsvik readily satisfies the adequacy requirement.

Because Mr. Kjelsvik filed a timely motion, believes he has the largest financial interest in the relief sought by the Class, and demonstrated his preliminary typicality and adequacy, the Court should adopt the presumption that Mr. Kjelsvik is the "most adequate" plaintiff.

### B.  The Court Should Approve Mr. Kjelsvik's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Kjelsvik has selected Block & Leviton as Lead Counsel and Kendall Law as Liaison Counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions. Kendall Decl., Exs. E, F.

As noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years.").

Kendall Law has extensive experience prosecuting securities class actions, having served as lead, co-lead, or liaison counsel in numerous cases within this District that resulted in substantial settlements for their clients. *See, e.g., The George Leon Family*

8

*Trust, Individually and on Behalf of All Others Similarly Situated v. Chicago Bridge & Iron Company N.V., et al.*, Lead Case No. 4:18-cv-0273 (S.D.Tex.); *Mona Abouzied, Individually and on Behalf of All Others Similarly Situated v. Applied Optoelectronics, Inc., et al.*, Civil Action No. 4:17-cv-02399 (S.D. Tex.).

Accordingly, Mr. Kjelsvik's selection of Block & Leviton as Lead Counsel and Kendall Law as Liaison Counsel is reasonable and should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Kjelsvik respectfully requests that the Court: (1) appoint Mr. Kjelsvik as Lead Plaintiff; (2) approve his selection of Block & Leviton LLP as Lead Counsel and Kendall Law Group, PLLC as Liaison Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED: May 13, 2025                    Respectfully submitted,

*/s/ Joe Kendall*
Joe Kendall, Attorney-in-charge
Texas Bar No. 11260700
S.D. Tex. Bar. No. 30973
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek, Suite 825
Dallas, Texas 75219
Tel.: (214) 744-3000
Email: jkendall@kendalllawgroup.com

***[Proposed] Liaison Counsel for Plaintiff and Class***

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110

9

(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

***[Proposed] Lead Counsel for Plaintiff and Class***

## CERTIFICATE OF CONFERENCE

LR7.1(D) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, counsel for Mr. Kjelsvik will not know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Mr. Kjelsvik respectfully requests that the conferral requirement of LR7.1(D) be waived.

*/s/ Joe Kendall*
Joe Kendall

## CERTIFICATE OF WORD COUNT

I hereby certify that on this 13th day of May 2025, the above Notice of Motion and Motion of Øystein Kjelsvik for Appointment as Lead Plaintiff and Approval of Counsel and Memorandum of Law in Support contains 2,159 words.

*/s/ Joe Kendall*
Joe Kendall

10

**<u>CERTIFICATE OF SERVICE</u>**

I, Joe Kendall, hereby certify that on May 13, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Joe Kendall*
Joe Kendall
