**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SUN ZHONGJIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE ENERGY CORP., PAUL GORANSON, and SHONA WILSON,<br><br>Defendants. | Civil Action No. 4:25-cv-01234<br><br>**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF EPHRAIN RELIFORD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

## <u>MOTION</u>

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Ephrain Reliford ("Reliford") respectfully moves this Court for an order: (1) appointing Reliford as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approving Reliford's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Ahmad, Zavitsanos & Mensing, PLLC ("AZA Law") as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

This Motion is supported by the following Memorandum of Law, the Declaration of Sammy Ford IV and the exhibits attached thereto, a Proposed Order, and all of the prior pleadings and proceedings in this matter, and such other written and/or oral argument as may be permitted by the Court.

LR7.1(D) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, counsel for Reliford will not know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Reliford respectfully requests that the conferral requirement of LR7.1(D) be waived.

<u>**MEMORANDUM OF LAW**</u>

**I.    PRELIMINARY STATEMENT**

This is a class action on behalf of all persons and entities other than the defendants that purchased or otherwise acquired enCore Energy Corp. ("enCore" or the "Company") securities between March 28, 2024 and March 2, 2025, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Reliford is the "most adequate plaintiff" as defined by the PSLRA.

Reliford believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of the defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Reliford satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class.[1] Thus, pursuant to the PSLRA's lead plaintiff provision,

---

[1] In the interest of full disclosure, Reliford pled guilty to voluntary manslaughter in 1995 for which he served approximately 15 years, and pled guilty to drug charges in 2019, for which he served approximately 11 months in jail and is currently on parole until January 2028. Reliford respectfully submits, however, that his past will not impact on his ability to adequately represent the class. *See Chupa v. Armstrong Flooring, Inc.*, No. 2020 WL 1032420, at *5 (C.D. Cal. Mar. 2, 2020) (appointing a lead plaintiff previously convicted of armed bank robbery because, among other things, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior *unrelated* unsavory, unethical, or even illegal conduct") (citation omitted).

Reliford respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Reliford's selection of GPM as lead counsel and AZA Law as liaison counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    STATEMENT OF FACTS

enCore engages in the acquisition, exploration, and development of uranium resource properties in the United States.

The complaint filed in this action alleges that the defendants made materially false and/or misleading statements throughout the Class Period, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that enCore lacked effective internal controls over financial reporting; (2) that enCore could not capitalize certain exploratory and development costs under GAAP; (3) that, as a result, its net losses had substantially increased; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On March 3, 2025, enCore announced its fiscal 2024 financial results, revealing a net loss of $61.3 million (more than double its net loss of $25.6 million in the prior fiscal year). The Company explained "the inability to capitalize certain exploratory and development costs under U.S. GAAP which would have been capitalized under IFRS [International Financial Reporting Standards]" impacted the Company's results. Further, the Company revealed that it had "identified in 2024" a "material weakness" in the Company's internal controls over financial reporting, "primarily due to an ineffective control environment that resulted in ineffective risk assessment, information and communications and monitoring activities."

3

Also on March 2, 2025, the Company also revealed that it had appointed a new acting Chief Executive Officer "effective immediately" and that Paul Goranson "is no longer serving as enCore's Chief Executive Officer or as a member of the board of directors."

On this news, enCore's stock price fell $1.17, or 46.4%, to close at $1.35 per share on March 3, 2025, on unusually heavy trading volume.

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs and members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Reliford Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

4

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Reliford satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Reliford has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Reliford is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Reliford respectfully submits that he should be appointed lead plaintiff.

### 1.     Reliford Filed a Timely Motion

Reliford has made a timely motion in response to a PSLRA early notice. On March 14, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Sammy Ford IV ("Ford Decl.") Ex. A. Therefore, Reliford had sixty days (*i.e.*, until May 13, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of enCore securities during the Class Period, Reliford is a member of the proposed class and has timely filed a complaint motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Reliford attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Ford Decl., Ex. B. Accordingly, Reliford satisfies the first requirement to serve as lead plaintiff for the class.

### 2.     Reliford Has the "Largest Financial Interest"

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Reliford believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Reliford purchased enCore securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $15,405.17. *See* Ford Decl., Ex. C. To the best of his knowledge, Reliford is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Reliford believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Reliford Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *see also Hohenstein v. Behringer Harvard REIT I, Inc.*, 2012 WL 6625382, at *4 (N.D. Tex. 2012). Moreover, at the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542,

546 (N.D. Tex. 1997). As detailed below, Reliford satisfies the typicality and adequacy requirements.

### a)      Reliford's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same events or course of conduct that give rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Reliford's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Reliford alleges that the defendants' material misstatements and omissions concerning enCore's business, operations, and financial prospects violated the federal securities laws. Reliford, like all members of the class, purchased enCore securities in reliance on the defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Reliford's interests and claims are "typical" of the interests and claims of the class.

### b)      Reliford Is an Adequate Representative

The adequacy requirement of Rule 23(a)(4) entails considerations of whether a proposed representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement mandates an inquiry into (1) the zeal and competence of the representatives' counsel and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *8 (W.D. Tex. Dec. 10, 2008) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).

Here, Reliford easily satisfies the adequacy requirements. Reliford's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and Reliford is not

7

aware of any conflict between his claims and those asserted on behalf of the class. Reliford resides in Kingsville, Texas, and has been investing for approximately 10 years, including stock and real estate investing. He previously served approximately 13 years in the United States Army. He has a degree in chemistry from Texas A&M University. Reliford was employed by enCore as a chemist, but left the Company in December 2023, prior to the start of the Class Period. Currently, Reliford is not employed as he is pursuing a master's degree in chemistry and biology at Texas A&M University. Reliford has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Ford Decl., Exs. D and E. Consequently, Reliford has demonstrated that he meets all the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

### B.    Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Reliford has selected GPM as lead counsel for the class and AZA Law as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Ford Decl., Exs. D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Reliford's selection of counsel.

### IV.    CONCLUSION

For the foregoing reasons, Ephrain Reliford respectfully requests that the Court issue an Order: (1) appointing Reliford as Lead Plaintiff for the class; (2) approving GPM as Lead Counsel and AZA Law as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 13, 2025

Respectfully submitted,

**AHMAD, ZAVITSANOS & MENSING, PLLC**

*/s/ Sammy Ford IV*
Sammy Ford IV
State Bar No. 24061331
Jordan Warshauer
State Bar No. 24086613
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
Email:  sford@azalaw.com
          jwarshauer@azalaw.com

*Liaison Counsel for Lead Plaintiff Movant Ephrain Reliford and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Ephrain Reliford and Proposed Lead Counsel for the Class*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, May 13, 2025, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Sammy Ford IV*

Sammy Ford IV