IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON)

| | |
|---|---|
| SUN ZHONGJIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE ENERGY CORP., PAUL GORANSON, and SHONA WILSON,<br><br>Defendants. | § CIVIL ACTION NO. 4:23-cv-02145-CRE<br>§<br>§ **MEMORANDUM OF LAW IN SUPPORT**<br>§ **OF CONNOR VOSS'S MOTION FOR**<br>§ **APPOINTMENT AS LEAD PLAINTIFF**<br>§ **AND APPROVAL OF SELECTION OF**<br>§ **COUNSEL**<br>§<br>§ **CLASS ACTION**<br>§<br>§ |

## INTRODUCTION

Movant Connor Voss ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities enCore Energy Corp. ("enCore" or the "Company") between March 28, 2024 and March 2, 2025, inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel and Condon Tobin Sladek Thornton Nerenberg PLLC ("Condon Tobin") as Liaison Counsel for the Class.

## BACKGROUND

On March 14, 2025, the action *Zhongjian v. enCore Energy Corp., et al.*, Case No. 4:25-cv-01234 was filed. That same day, a PSLRA early notice was issued advising potential class

members of, among other things, the claims alleged in the action, the Class Period, and the 60-day deadline for class members to move to be appointed as lead plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

Defendant enCore purportedly engages in the acquisition, exploration, and development of uranium resource properties in the United States. Defendant enCore is incorporated under the laws of British Columbia, Canada with its principal executive offices located in Corpus Christi, Texas. Defendant enCore's common shares trade on the NASDAQ exchange under the symbol "EU."

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) enCore lacked effective internal controls over financial reporting; (2) enCore could not capitalize certain exploratory and development costs under GAAP; (3) as a result, its net losses had substantially increased; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On March 3, 2025, before the market opened, enCore announced its fiscal 2024 financial results, revealing a net loss of $61.3 million (more than double its net loss of $25.6 million in the prior fiscal year). The Company explained "the inability to capitalize certain exploratory and development costs under U.S. GAAP which would have been capitalized under IFRS [International Financial Reporting Standards]" impacted the Company's results. Further, the Company revealed that it had "identified in 2024" a "material weakness" in the Company's internal controls over financial reporting, "primarily due to an ineffective control environment that resulted in ineffective risk assessment, information and communications and monitoring activities."

Also on March 2, 2025, the Company also revealed that it had appointed a new acting Chief Executive Officer "effective immediately" and that Paul Goranson "is no longer serving as enCore's Chief Executive Officer or as a member of the board of directors."

On this news, enCore's stock price fell $1.17, or 46.4%, to close at $1.35 per share on March 3, 2025, on unusually heavy trading volume.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

3

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A.       Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.       Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost $4,468.03 in connection with Movant's purchases of enCore securities. *See* App., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other person that has suffered greater losses in enCore securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.       Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning enCore and its business. Movant, as well as other members of the class, purchased enCore shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provide ample reason to

grant the Movant's motion to serve as Lead Plaintiff.

    **D.**    **Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interest of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant lives in Texas, where he works as a test engineer in manufacturing. Movant has a bachelor's degree in electrical engineering technology. Movant has been investing for approximately 2 years. Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant selected Rosen Law as Lead Counsel and Condon Tobin as Liaison Counsel. The firms have been actively researching Movant's and the Class' claims, including reviewing publicly available financial and other documents while gathering information in support of the

claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* App., Ex. 4-5.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable these firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully request the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving Rosen Law as Lead Counsel and Condon Tobin as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: May 13, 2025

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

 */s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Ln Ste 700
Dallas, TX 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
Email: scochran@condontobin.com

*[Proposed] Liaison Counsel for Lead Plaintiff and the Class*

7

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence Rosen
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran