**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SUN ZHONGJIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE ENERGY CORP., PAUL GORANSON, and SHONA WILSON,<br><br>Defendants. | Case No. 4:25-cv-01234 |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF ØYSTEIN KJELSVIK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL</u>

Øystein Kjelsvik ("Mr. Kjelsvik") respectfully submits this Memorandum of Law in further support of his unopposed Motion for appointment as Lead Plaintiff and approval of his selection of Lead Counsel and Texas Local/Liaison Counsel.[1]

## I.    INTRODUCTION

Mr. Kjelsvik has the largest financial interest in this Action.[2] He lost $206,598.62 on his investment in enCore securities. Mr. Kjelsvik's substantial financial interest, along with his prima facie showing of adequacy and typicality, entitles him to the strong presumption that he is the "most adequate plaintiff" to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Accordingly, Mr. Kjelsvik's unopposed Motion should be granted in its entirety.

## II.    ARGUMENT

### A.  Mr. Kjelsvik Has the Largest Financial Interest

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant 1) with the largest financial interest in the relief sought by the class; and 2) who is otherwise adequate and typical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

---

[1] On May 16, 2025, Douglas Lyon filed a Notice of Non-Opposition. *See* ECF No. 24. On May 27, 2025, Ephrain Reliford filed a Notice of Withdrawal. *See* ECF No. 27. On June 3, 2025, Connor Voss filed a Notice of Withdrawal. *See* ECF No. 28.

[2] This case asserts claims for the violations of the federal securities laws against enCore Energy Corp. ("enCore" or the "Company") and certain of its officers on behalf of a putative class of investors who purchased enCore securities between March 28, 2024 to March 2, 2025 inclusive (the "Class Period").

"[C]ourts generally consider the following factors to determine who in the purported class has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Schulze v. Hallmark Fin. Servs., Inc.*, 2020 WL 4201640, at *1 (N.D. Tex. July 21, 2020) (internal quotation marks and citations omitted). As demonstrated in the table below, Mr. Kjelsvik surpasses the other movants in every relevant metric:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Loss Suffered |
|---|---|---|---|---|
| Øystein Kjelsvik | 93,380 | 93,380 | $343,997.95 | $206,598.62 |
| ~~Douglas Lyon~~ | ~~56,200~~ | ~~20,800~~ | ~~$85,071.65~~ | ~~$53,418.45~~ |
| ~~Ephrain Reliford~~ | ~~8,495~~ | ~~2,768~~ | ~~$19,447.18~~ | ~~$15,405.17~~ |
| ~~Connor Voss~~ | ~~2,464.87~~ | ~~2,464.87~~ | ~~$8,010.83~~ | ~~$4,468.03~~ |

*See* ECF Nos. 19-3, 17-2, 20-5, 22-4 (movants' loss charts). Accordingly, Mr. Kjelsvik indisputably has the largest financial interest in the relief sought by the class.

### B.  Mr. Kjelsvik Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, Mr. Kjelsvik "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, Mr. Kjelsvik need only make a prima facie showing, and  "need not submit evidentiary proof of typicality or adequacy." *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010).  Mr. Kjelsvik clearly satisfies the requirements of Rule 23. His claims are typical of the class, and he will fairly and adequately represent its interests.

### 1.  Mr. Kjelsvik is Typical

"The typicality requirement focuses . . . on the similarity of the legal and remedial theories behind [plaintiffs'] claims." *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 297 n.32 (5th Cir. 2001) (quoting *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)) (internal quotation marks omitted). Here, Mr. Kjelsvik, like other class members, purchased enCore shares at prices allegedly inflated by Defendants' misrepresentations and omissions. His claims are based on the same legal theories as other members of the class: that Defendants' misrepresentations and omissions violated §10(b) and Rule 10b-5. *See, e.g., Edgar v. Anadarko Petroleum Corp.*, 2017 WL 11178402, at *3 (S.D. Tex. July 24, 2017) (movant typical where it "lost money on the [defendant's] securities it bought during the class period.")

### 2.  Mr. Kjelsvik is Adequate

Assessing adequacy "mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (alterations omitted) (internal quotation marks omitted).

Mr. Kjelsvik's interests in the action are squarely aligned with the interests of the other members of the Class. Furthermore, Mr. Kjelsvik has certified under penalty of perjury that he is willing to serve as a representative of the putative class and desires to achieve the best possible result in prosecuting the case. ECF No. 19-2. He has provided information about himself including where he resides, his education, background and

3

investment experience. *See* ECF No. 19-4. Mr. Kjelsvik has also selected experienced and highly qualified law firms to litigate this case on behalf of the putative class. *See* ECF Nos. 19-5, 19-6. Finally, his significant financial losses means that he has a sufficient interest in the outcome of the case to ensure vigorous advocacy. Accordingly, Mr. Kjelsvik readily satisfies the adequacy requirement.

Mr. Kjelsvik has the largest financial interest in the relief sought by the class and has made a preliminary showing of adequacy and typicality. As such, he is the presumptive lead plaintiff. Reflecting this fact, each of the other movants have filed notices of non-opposition or withdrawn. *See* ECF Nos. 24, 27, 28. Accordingly, no "proof" has been presented to rebut the presumption, and Mr. Kjelsvik is entitled to appointment. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## III.    CONCLUSION

For the foregoing reasons, Mr. Kjelsvik respectfully requests that the Court: (1) appoint Mr. Kjelsvik as Lead Plaintiff; and (2) approve his selection of Block & Leviton LLP as Lead Counsel and Joe Kendall as Texas Local/Liaison Counsel.

DATED: June 3, 2025                    Respectfully submitted,

*/s/ Joe Kendall*
Joe Kendall, Attorney-in-charge
Texas Bar No. 11260700
S.D. Tex. Bar. No. 30973
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek, Suite 825
Dallas, Texas 75219
Tel.: (214) 744-3000
Email: jkendall@kendalllawgroup.com

4

*[Proposed] Texas Local/Liaison Counsel for Plaintiff and Class*

/s/ Jeffrey C. Block
Jeffrey C. Block
Jacob A. Walker
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*[Proposed] Lead Counsel for Plaintiff and Class*

5

## CERTIFICATE OF WORD COUNT

I, Joe Kendall hereby certify that on June 3, 2025, the above Memorandum of Law in Further Support of the Motion of Øystein Kjelsvik for Appointment as Lead Plaintiff and Approval of Counsel contains 1050 words.

*/s/ Joe Kendall*
Joe Kendall

## CERTIFICATE OF SERVICE

I, Joe Kendall, hereby certify that on June 3, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Joe Kendall*
Joe Kendall